Corporation of America, Burling, Global Reinsurance Corporation of America. Good morning, Your Honors. My name is Christine McTighe, and I'm here on behalf of Global Reinsurance. That is not a microphone. It's a recording device. So keep your voice up so that we can all hear it, please. Our argument in a nutshell is as follows. Section 12 of the Uniform Arbitration Act provides that an arbitration work can be vacated if the arbitrators exceeded their powers. Now in this case, Article 24 of the arbitration of the treaty provided for arbitration of disputes between the parties. The dispute that was presented to the arbitrators was a merisher entitled to attorney's fees under Section 155 of the Illinois Insurance Code. That was the request that was briefed by both a merisher and global to the arbitrators. The arbitrators did award attorney's fees. However, the arbitrators awarded fees under a reinsurance theory called the breach of the duty of utmost good faith. The arbitrators did not award fees under Section 155 of the Illinois Insurance Code. Because the arbitrators reached a decision and made an award on a basis the parties did not request, the arbitrators exceeded their powers and for that reason the award of fees should be vacated. This is demonstrated by the Quicken-Riley decision in which an arbitration panel awarded attorney's fees on a statutory basis the plaintiff did not request. And in that case, the First District reversed the circuit court and overturned the arbitration award for the simple reason that the arbitrators exceeded their powers because the arbitrators made an award on a basis that the parties did not request. That in a nutshell is our argument as to why this award of fees should be vacated. Can I just ask a question? Oh, sure. Because I'd like you to address this a little bit differently. When it went into the trial court, the court I think viewed the arbitrator's comments as really referring to, at least that's the way I read it, as really referring to Section 155. Right. Judge Novak made the comment that well, maybe the arbitrators were just using different terms. They were on sort of the same page. And I would submit that's not the case. Section 155 is very different from the breach of the duty about most good faith. That is a reinsurance concept and I'm sure that these arbitrators who work in the reinsurance business are very familiar with that concept. It's coming up in their jobs, their practice. Section 155 is a statutory remedy under Illinois law for unreasonable and vexatious delight. We don't believe Section 155 applies, but that's another issue. The breach of the duty of utmost good faith, that's an issue we want you to address. All right. I'm not going to stop you, but absolutely I do want you to address it. And under the There is not much case law on that, Your Honor. There are cases cited by my opponent. There's a Reliostar case out of the Second Circuit. We have distinguished that case in our reply brief. There was also a case that was cited by Marisher of seven provinces, a case out of Massachusetts. Again, we have distinguished that as involving a Massachusetts unfair trade practices case. I'm not sure if I finished answering your question. I've sort of gotten lost here, but I believe I'll now address why Section 155 doesn't apply. And I think in this discussion I must acknowledge and address this panel's decision from last month of the statewide case, which talked about Section 155 relief. I filed a motion last Monday for Lee to cite that as additional authority because I thought it probably would come up. We've presented an argument in our brief that for a variety of reasons, Section 155 does not apply to a reinsurance dispute. A reinsurance relationship between a seeding insurer, such as a Marisher, and a reinsurer, such as Global, is a different type of relationship from, for example, what I have with farmers for my homeowner's insurance, with a policyholder and an insurer. In a reinsurance relationship, Global does not have any relationship with the ultimate underlying insurer. In this case it was a plumbing subcontractor. The Illinois Supreme Court in the Baltica case and in the liquidations of reserve case recognized that there is a distinction between an insurance policy and a reinsurance contract. And the Illinois Supreme Court has held those are not the same. Those are different. They're different relationships. And Section 155, first of all, doesn't make any mention of reinsurance. It talks about an action against a company where there is an issue of the liability of a company on a policy or policies of insurance, which is not the same as a reinsurance relationship. And as far as the statewide decision goes, I realize in that case this Court gave one insurer Section 155 relief against another insurer. I don't believe that case is controlling here for two reasons. First of all, in that case the Court relied on an assignment clause in the policy between the insured and statewide to allow statewide to step into its insured's shoes. Also, it wasn't a reinsurance case. I think that makes it different. I realize there was a dissent by Justice Garcia. I think his rationale in that dissent where he talks about the reason for 155 is protecting policyholders for their ultimate right under an insurance relationship, the duty to defend. That's what it's designed to protect. And that duty is not at all involved here. A reinsurance relationship does not involve any type of duty to defend. It's an indemnity policy, which just calls for the reinsurer to pay the loss that the seeding company had made. I'd like to go back, if I could, to talk about why Section 155 relief is different from the reinsurance concept of a breach of a duty of utmost good faith. You know, can I stop you right there? Of course. This is weighing heavily on my mind, but it's related to where you're going. How do you interpret what the panel, in fact, did? And what's the scope of our review? I do. I believe she indicated that it was the sentiment, possibly, was possibly a word that she used in describing what the panel had actually done and how they had done it. It is my understanding from the case on the case I cited that the standard of review of this court is de novo of both what Judge Novak did and what the arbitrators did. So under that standard, I think this court looks at the arbitrators' award, you know, brand new. And under a de novo standard of review, I don't mean to disrespect Judge Novak, there's no deference, you know, discretion involved here. So I believe that's how this court would review it. There's a body of law that says, parenthetically, or to paraphrase, that even if a trial court reaches the right result utilizing the wrong method, the appellate court, you know, can still affirm or, you know, make its determination. The favorite rule of every appellee. Excuse me? The favorite rule of every appellee. Why is that not applicable in this instance? Exactly. Well, I don't think there's been an alternate reason given why the arbitrators here did not exceed their powers. I don't want to anticipate what my opponents are going to say. I'm sure they have reasons why. And I'd rather say that for rebuttal, but I don't think their grounds indicate that the arbitrators were acting within their powers, if that answers your question. So you're saying you think that your opponent will say that the arbitrators exceeded? No. My opponents are going to say the arbitrators did not exceed their powers. And they've raised several arguments in their brief. I don't know if I should be anticipating them now or wait for my rebuttal. But I don't believe any of those grounds, which Amerisher has that the arbitrators were acting within the scope of their powers. I think in this case that by deciding it should not be presented to them, that is a classic case of an arbitration panel exceeding its power. I don't want to use up all my time. So if there are no further questions, thank you. Holly? Good morning. I'm Holly Spurlock. I'm representing Amerishore Insurance Company and Amerishore Mutual Insurance Company. Ms. Spurlock, I'm going to say to you, like we said in this brief time, that's a microphone. I mean, that is not a microphone. It's a recording device. You have to speak loudly so we can all hear you against this noise. Your Honors, a unanimous decision of a three-member panel of reinsurance industry experts is under review today. The party submitted the issue of attorney's fees to the panel. There is no dispute that that was presented. The panel was charged with determining under both law and fact, including the party's arbitration agreement, whether or not to award attorney's fees. Amerishore submitted a valid claim to Global. Global never paid. Global did not deny the claim until the vice president was under cross-examination at the hearing. The evidence established that Global's actions and delay were both vexatious and unreasonable. Global's bad faith forced Amerishore to demand arbitration, denied Amerishore of its rights to its property, and its actions constituted a violation of the duty of utmost good faith. And such conduct warranted an award of attorney's fees. This Court should confirm the arbitration award and the decision of the trial court for the following three reasons. Global waived its rights to challenge the arbitrability of attorney's fees. That's number one. Number two, courts are to uphold arbitration awards whenever possible and construe them to be valid. And there is a presumption that all claims and all theories presented are subsumed within the award. And number three, Section 155 provides the authorization under law for an award of attorney's fees in this relationship, and the panel rendered its decision consistent with industry reinsurance practice. So why was the arbitrator's award not beyond the scope of its powers? I think we have to look at the language of the award itself. And Global is contending that the use of utmost good faith in the award means that they made their decision on a theory not presented. And that's not clear from that award. In fact, we would state that it's the opposite. The violation of the duty of utmost good faith reinforces a decision under Section 155. Can you just say it straight out? Is your claim that the award is under Section 155? Is that your claim? Our claim is that the award of attorney's fees was authorized by law under Section 155 and that the use of utmost good faith does not in any way suggest that that is not how it was issued. It was issued pursuant to Section 155 as the authority under law. And the use of that language is consistent with the arbitration clause, which states that a decision must be rendered consistent with the practice of the reinsurance business. And as the trial court said, the sentiment was there, whether or not the use was the language of utmost good faith. What about your opponent's argument that the panel exceeded, necessarily exceeded its authority because nobody asked for it? Nobody asked for the fees? No, we did ask for the fees. And I do not think that is in dispute. We asked for the fees from day one. The global responded. We put a brief forward asking for fees. Well, you wouldn't say day one. Initially when you made your demand, you asked for your damages and exemplary damages. And then some, let's see, I don't know, 10 months later you used the language attorney's fees without using Section 155. I think it's a year and nine months later before you actually present the brief to the arbitration panel regarding Section 155. And that is true. And that was the nature of the, the demand was made, but there was no, there was no demand for attorney's fees until 10 months later with the organizational meeting. There was no communication, no written demands. The position statement in an organizational meeting is the first opportunity we had to present our case. My point was that initially when you made your demand for arbitration, you asked for what they owed you for over November. It's when there was a discussion regarding attorney's fees and a response from global that you weren't entitled to attorney's fees. And then another year or so passed. And that's when the 155 claim came into play. And that's true. And I just want to make sure the court's clear that it wasn't a delay on our part. It was the first opportunity we had to present written materials and ask for them. And the pre-hearing brief was the time that we were able to present our case. And that was just a month before the arbitration decision was made. A month before the hearing. Right before the hearing. The three reasons that Ameritor's, or the award should stand begins with waiver. And it's a good segue to this is that Ameritor's consistently asked for attorney's fees. And global consistently responded to that request. The issue was briefed before the panel. And a teleconference occurred that's memorialized, you will see the transcript and the record, with the umpire on the Thursday before the hearing. In that teleconference, the umpire specifically directed the global to discuss attorney's fees, present evidence on attorney's fees, and present arguments on attorney's fees. We participated in a week-long hearing. There were eight witnesses. And it was, there was multiple opportunity to address each of the witnesses, including our witness that presented the attorney's fees testified twice. And was subject to cross-examination. We also, Ameritor's also admitted its legal bills. When it admitted its legal bills, there was no objection by global that they were admitted into evidence. At the end of the hearing, the panel asked specific questions. And those are also in the report. About the application of section 155. They asked specific questions about awarding attorney's fees. There is no claim here by global that they didn't have a full and fair hearing and opportunity to challenge attorney's fees before the judges that were selected by the parties to deal with the issue. And they never once came to court. Under K&S versus Colosso, they had a requirement if they did not believe that the arbitration panel was able to render a decision on attorney's fees to come to court and petition against that arbitrability. And they did not do that. At confirmation, we filed, Ameritor filed an answer in response to their counter application. And we asserted the affirmative defensive waiver. They never answered that. And it's therefore deemed admitted. The second reason this court should confirm this award is that courts uphold and construe arbitration awards to be valid if an award is within the submission, which it is, and contains the honest decision of the arbitrator after a full and fair hearing. It will not be set aside for error of law or fact. The arbitration in November of 2008 was a rendering of an honest decision on a submission. That is not disputed. Following a full and fair hearing. And global has not presented sufficient grounds to vacate. Let's be clear on this point. A court and an arbitration may reach different conclusions on an arbitration. They may not issue a fact or law. But it is only when those conclusions are not even possible in the context of the contract or the law that an arbitration award will be vacated. These parties agreed to waive all of the AAA rules except for 43D, which allows for an award of attorney's fees. There are multiple admissions in the briefs that attorney's fees were at issue. And when we chose, the parties chose this panel of reinsurance experts and were given a unanimous decision, which means the party arbitrator that was global's party arbitrator joined that decision. That award should not be disturbed. The language of the award, using utmost good faith, is not really the foundation of the decision here. The presumption is that claims and handling practices. There are no other citations in the award. It calls for 3% interest. There is no citation to a contract. Having no citation to a particular law does not render the award invalid. And the third reason is that section 155 provides basis in Illinois law for awarding fees for bad claims handling practices. The language of the statute says by or against a company. A company means an agency. What I want you to address is assuming, let's assume 155 applies to reinsurance cases. How does Passarelli fit into this when Passarelli clearly says arbitrators don't have the right to award attorney's fees. Courts do. And they give a very clear and clear answer. I thought a pretty good discussion of why the court should be the one that awards the attorney's fees. Well, I think there's two points on this. There is counter authority in Beattie in the 5th district. And because the arbitration panel. And to Passarelli, because I think Beattie can be distinguished. Okay. And the panel was charged with Illinois law. So if there are two different cases, it is their charge to make that decision and they did. And they decided that Passarelli that Beattie would apply over Passarelli. Passarelli dealt with an uninsured motorist statute and the arbitration was a statutory arbitration as opposed to two parties that entered an agreement and decided explicitly under rule 43D that they may decide attorney's fees as long as it is part of the agreement with the parties or authorized by law. And in fact, these are statutory uninsured motorist act cases. And you agree with Ms. McTide that our review is de novo? I can't hear you. You agree with Ms. McTide that our review of those decisions of the panel are de novo? Yes. Oh, the decision of the panel? Those decisions. Yes. With regards to the language, there was, global counsel has made a point that there is no use of the word policyholder or individual. And the use of the words by or against a company and the statewide decision in which a company was able to be reimbursed under section 155 suggests that the statute definitely is broad enough to encompass such a relationship. The decision is combined. Are you referencing statewide versus Houston General Insurance? Yes. Okay. There was a motion that was made before this court which was open. I didn't see any response. And we would be happy to provide a response. The motion was granted prior to an opportunity for us. I just wanted to make sure that you knew that that was so, that you both knew. I don't think you, the motion is granted. The combined insurance case also, combined insurance versus certain underwriters at Lloyd's of the first district. And in that case, there was a complaint filed in Illinois by combined insurance against its reinsurer. It was also simultaneously pending in London. And when the London reinsurer asked for this court to dismiss the pending case in Illinois, one of the factors the Illinois court considered was whether or not combined would have access to full and complete relief in London. And it was determined by the court that section 155 of the insurance code would not be applicable to the case. And that section 155, intended to penalize vexatious delay or rejection of legitimate claims by insurance companies, might not be available to it in London. And therefore, did not dismiss the case before it. Thus, there is precedent for an understanding that section 155 applies to bad claims handling practice by a reinsurer against an insurer. Returning to the argument about that decision, it's unclear to us based on the filing and the motion whether or not Global is contending that it is in favor of them or against them. But we did find one thing very interesting. And that is, that decision awards fees for an appeal. And at this point, the vexatious and unreasonable delay that AmeriShore has faced, we would ask for such an award of fees at the appellate level as well. And with that, if there's no further questions, we would ask that we give your motion to confirm this award, confirm the trial, affirm the trial court, and award fees in favor of AmeriShore. I would like to address three points if I run out of time. Someone let me know. There's been a mention made here that Global did not reply to the affirmative defenses, so there's some waiver involved. I would like to address procedurally how the process all occurred in the circuit court. On the hearing date in which Judge Novak denied our motion for summary judgment, she gave AmeriShore leave to file its affirmative defenses. They were legal defenses under the law, under Illinois law, there's no need to reply to a legal defense. Moreover, the time we had in which to reply to an affirmative defense hadn't even run by the time we came back because Judge Novak had indicated she wanted to enter summary judgment in favor of AmeriShore, but AmeriShore didn't have a motion on file. So our time to reply hadn't even run. And there are cases which say there's no point in engaging in a futile act. We litigated all these defenses in the summary judgment motion, and so for this reason I don't think there's a waiver. Can you address the waiver argument that is prior to the circuit court that's raised before the arbitrators that you don't use Section 2 to say the proceeding? That's the Galasso case. And the Galasso case says under Section 2 of the Uniform Arbitration Act, if a party is challenging the arbitrability of an issue, whether it can be arbitrated, you must go to court first. Global never said the arbitrators could not, that the issue of fees was not subject to arbitration. So we just don't have procedurally a situation that Section 2 is designed to address. So for that reason I don't think Galasso or waiver are applicable. My last point is AmeriShore has mentioned that the award of fees was appropriate under the practice of reinsurance. The treaty provides that the parties would agree that the law on the law. The law was Illinois. Illinois does not recognize an award of fees under a practice of reinsurance. It is simply not a sufficient basis under Illinois law to support an award of fees. I have nothing further unless there are any questions.